[No. 13543.  In Bank. — August 4, 1890.]

JOSEPH SCHURTZ, RESPONDENT, v. F. KERKOW,
APPELLANT.

ACTION FOR SERVICES — EMPLOYMENT FOR SHARE OF PROFITS — EVIDENCE
— EXPERT ACCOUNTANT — FIGURES FURNISHED BY PARTNER OF WIT-
NESS — ASSENT OF PARTIES — WAIVER OF OBJECTION. — In an action to
recover for services rendered as manager of a certain business, for which
services the plaintiff was to receive one half the profits of the business,
evidence given by an expert accountant employed by the defendant to
examine the books, as to the net profits of the business, is admissible for
the plaintiff, where no objection is made to the testimony by the defend-
ant, even though it appears that the expert made no personal examination
of the books except of a few items, but that his partner made a detailed
examination and furnished the figures from which the expert made the
calculations, the figures having been presented to both parties and as-
sented to, the defendant objecting only to the calculation as to the amount
of profits.

ID. — BOOKS OF ACCOUNT NOT EXCLUSIVE EVIDENCE — TESTIMONY AS TO
PROFITS — OPINIONS. — In such action, while the books of the firm are
admissible evidence on the issue of profits of the business, they do not
exclude other evidence as to what the defendant or other witnesses knew
about the profits; and it is error to refuse to allow the testimony of such
witnesses, as to their actual knowledge, though any mere conclusions or
opinions of the witnesses should be excluded.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Gottschalk & Luckel*, for Appellant.

*Wells, Guthrie & Lee*, for Respondent.

McFARLAND, J. — This is an action to recover for ser-
vices rendered by plaintiff to defendant as manager of a
certain restaurant and saloon, called the Vienna Buffet,
under a contract by which plaintiff was to have one half
of the net profits, to be computed monthly. The issue
was as to the amount of the profits between June 1
and September 1, 1888. Such amount was found to be
$2,550.55, for one half of which, less certain payments,
plaintiff had judgment. Defendant appeals from the
judgment, and from an order denying a new trial.

1. The principal evidence for plaintiff, aside from parts of a cash-book, consisted of the testimony of one Blackman. He testified that he was an expert accountant; that he made an examination of the books of the Vienna Buffet; and that the examination showed the net profits of the business from June 1st to August 11th to be $2,262.90. Upon cross-examination, he said that, with the exception of some of the items in the cashbook, he did not personally examine the books; that his partner made the detailed examination of the books and furnished the figures from which he (the witness) made the calculations; and that he had full confidence in the ability and honesty of his partner to furnish the figures from the books correctly. His partner was not examined as a witness, and defendant contends that the evidence does not justify the judgment, because the partner was not called to prove that the figures which he gave Blackman were correctly taken from the books. But defendant did not make any objection to the testimony of Blackman; he did not say that it was hearsay, or inadmissible upon any other ground, and he did not move to strike it out. Moreover, the examination was made by Blackman at the request of defendant, and without the knowledge of plaintiff; and Blackman testifies that his statement was shown to defendant and plaintiff and "assented to," although in another part of his testimony he says that defendant disputed it "by saying those could not be the profits," by which, we suppose, he means that defendant did not deny that the figures were correctly taken from the books, but thought that the calculation must be wrong. Under these circumstances, no objection having been made to the testimony of Blackman, the court had the right to assume that the figures given to Blackman by his partner were correct. This point, therefore, furnishes no ground for a reversal of the judgment.

2. But the court erred, we think, materially, in ruling

out certain evidence offered by defendant. The court seems to have tried the case upon the erroneous theory that the books were the only evidence as to the profits of the business, and that none other should be received. One or two questions were asked defendant, when on the witness-stand, which were perhaps properly objected to, on the ground that they called for a conclusion of the witness; but to many questions that objection was not made, and could not have been properly made. For instance, the following questions were asked: "What were the daily expenses of the saloon? What were the profits in the saloon business, and what in the restaurant business, during that time? In what articles are the biggest profits in that business? Are you able, from your knowledge of this business of the Vienna Buffet, and your experience in the saloon and restaurant business, to state what the profits were on the restaurant business as carried on there, and the saloon business as carried on there, from June 2d to September 1st?" To all of these questions the objections were made that they were irrelevant, incompetent, and immaterial, and that the books were the best evidence; and the objections were sustained, except to the question last above stated, which was "taken subject to the objection," and to which the witness answered: "I am." (It does not appear that any ruling was made as to said last question.) Exceptions were taken to the rulings of the court on the questions and to other similar rulings. While the books were admissible evidence on the issue of profits they did not exclude other evidence. If the defendant or any other witness *knew* anything about those profits he should have been allowed to tell it. Of course, mere conclusions or opinions should be excluded.

Judgment and order reversed, and cause remanded for a new trial.

WORKS, J., FOX, J., and SHARPSTEIN, J., concurred.